·Derrek **CRUMP, Catherine Dianne Achord, and Tony Crump, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.**

No. 91–2074.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 7, 1992.

Decided April 8, 1992.

Ray B. Marglous, Clayton, Mo., argued (Julia L. Gray, on brief), for appellants.

John D. Warner, Jr., St. Louis, Mo., argued (Gary E. Wiseman, on brief), for appellee.

Before ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

ARNOLD, Chief Judge.

On August 22, 1987, Derrek Crump, a twenty-year-old unemancipated college student, was badly hurt in a car accident. He was riding in a car driven by an uninsured motorist, Mary Ann Linck. Crump and his parents sued Ms. Linck, Jill Marlene Simpson (the driver of the other car), and his mother's insurance company, State Farm Mutual Automobile Insurance Co., to recover for his injuries. The case was removed to federal court after the plaintiffs voluntarily dismissed the two individual defendants. State Farm moved for declaratory relief on May 21, 1990, arguing that Derrek Crump was not covered as a "relative" under his mother's policy. The District Court agreed and held for the defendant. This appeal followed. We hold that the policy does cover Derrek Crump and reverse.

## I.

At the time of the accident, Derrek Crump was not financially independent. As a full-time college student, Derrek relied on his mother, father, and stepfather for most of his support. He attended the University of Missouri–Rolla for one year, then returned to St. Louis and enrolled in the University of Missouri–St. Louis. When the accident occurred, he had just completed the summer session at the University of Missouri–St. Louis and was preparing to enter the fall semester for the beginning of his third year. With the exception of the one year spent at the University of Missouri–Rolla, Derrek has lived in St. Louis with his mother. In the three to five weeks before the accident, however, Derrek was living at his brother Darren's

apartment, also in St. Louis, instead of his mother's house.

In holding for the defendants, the District Court decided that Derrek Crump was not a relative of his mother, Dianne Achord, under the terms of her policy. The policy defined the word relative as:

> Relative—means a person related to *you* or *your spouse* by blood, marriage or adoption who lives with *you*. It includes *your* unmarried and unemancipated child away at school.

(Emphasis in original). The District Court held that Derrek was living with his brother when the accident occurred. The Court also confronted the issue of whether Derrek was "away at school" under the terms of the policy. The Court determined that he was not "away at school" because the University of Missouri–St. Louis is a "local" school. As the Court read the policy, the provision providing protection to an unmarried, unemancipated child "away at school" expressly excluded coverage for a child who was attending school locally. The Court concluded that Derrek was not covered by his mother's policy.

## II.

"Under Missouri law, the function of this Court is to interpret and enforce an insurance policy as written; not to rewrite the contract. In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties." *Krombach v. Mayflower Insurance Co., Ltd.*, 785 S.W.2d 728, 731 (Mo.App. 1990). In determining that the phrase "away at school" precluded coverage for a student attending a local university, the District Court failed to interpret the policy in this fashion.

Dianne Achord's policy would have covered Derrek's injuries if he had still been living at home when the accident occurred. His injuries would also have been covered if the accident had occurred while he was attending school at the University of Missouri–Rolla, because, under the terms of the policy (and the District Court's definition), he would have been "away at school."

The District Court determined, however, that the phrase "away at school," as it was used in the policy, meant that coverage would be provided only if the student was attending a non-local school. We think this reading of the policy is too narrow. The natural reading of "away at school" in the present context is "away from home," not "away from the city where home is located."

Webster's Third New International Dictionary defines "away" as "absent from a place: GONE." This definition does not contain any time or distance limitations. Instead, the word simply refers to being absent from one location at a certain time. Likewise, the phrase "away at school" is not accompanied by any qualifying language in the policy excluding students attending "local" universities. The District Court's decision that Derrek was not "away at school" because he attended a "local" university placed a restriction on the phrase that is inconsistent with the context. The first sentence of the policy definition of "relative" refers to family members living at home. The second sentence provides a contrast: "relative" also includes children in school away from home. "Away at school" simply means that the unemancipated, unmarried student is living in a location other than the policyholder's home while attending school.

Derrek's position is like that of many other students who live off campus while attending college. A large number of students attending college choose to live in off-campus apartments rather than in school-provided dormitories or apartments. This practice is even more prevalent at urban schools, such as the University of Missouri–St. Louis, which tend to have few, if any, dormitories. In such a situation, the student has few alternatives. In this case, rather than living at home while attending school, Derrek chose to stay in his brother's apartment. He should not be penalized for this decision simply because the school he chose to attend was located in the same town as his mother's residence.

We hold that Derrek Crump was covered as a "relative" under the second sentence of the definition quoted above.[1] Most of the District Court's opinion and the parties' arguments in this Court have been about the first sentence: Did Derrek still "live with" his mother, although temporarily staying at his brother's house? Our holding with respect to the second sentence makes it unnecessary to address this question.

The judgment is reversed, and the cause remanded to the District Court with instructions to enter an order declaring that Derrek is an insured under the policy, and thereafter to proceed as law and justice require.

It is so ordered.

1. State Farm does not argue that Derrek was not "away at school" at the time because the accident occurred between summer school and the fall semester. It does say that the "away at school" theory of coverage was not raised in the District Court in a timely manner, and that plaintiffs therefore cannot rely on it here for reversal. We reject this argument. The point in question was addressed and squarely decided in the District Court's opinion. If that Court thought the point was properly tendered for decision, there is no basis for us, at the appellate level, to feel otherwise.